HON. A. M. BUCHANAN,  
HON. H. M. SPOFFORD, } *Associate Justices.*  
HON. J. N. LEA,

R. BRYAN *v.* S. P. DAY.

A person who is a mere nominal party to the suit, is a competent witness.

Wherever a nominal party to a suit is liable for costs in his individual capacity, he is incompetent as a witness, although he may demand nothing for himself, but joins the plaintiff in a prayer for a judgment in his (plaintiff's) favor. MERRICK, C. J.

C. C. 2260.

APPEAL from the District Court of the parish of Bienville, *Drew,* J. *Stubbs* and *Morrison,* for plaintiff. *Egan & Jones,* for defendant and appellant.

BUCHANAN, J. (SPOFFORD, J., recused himself, having been of counsel.) The plaintiff was security of one *Bowers,* upon a bond given under an order of a Court of Chancery in the State of Georgia, on the 8th of February, 1837, conditioned, that said *Bowers* should produce a slave, *Harriet,* and all her increase which should be in life, at a certain time specified. The time having arrived, and *Bowers* having neglected to produce the slave *Harriet* and her increase, according to the condition of his bond, suit was brought against *Bryan,* the present plaintiff, to recover the penalty of the bond. Judgment was entered up against him upon confession; and by the same judgment, the plaintiffs in the suit relinquished, renounced and assigned to the defendant, (the present plaintiff,) all their right to, and interest in, the slave *Harriet* and her increase.

The present suit is brought to recover a slave named *Emily,* which slave is alleged to be one of the children of *Harriet.*

The questions of subrogation, both legal and conventional, which have been elaborately argued by counsel on both sides, may be left out of view. The

76

BRYAN
*v.*
DAY.

judgment in the case of *Rutland et als.* v. *Bryan*—a judgment pronounced in the presence and upon the consent of both parties to that suit—is the title of *Bryan* to the slave *Emily*, whose identy with the child of *Harriet* of that name, we consider to be sufficiently established. The title of the *Rutlands*, which vests in him by the terms of that judgment, must prevail, unless prescription has run against it. The defendant pleads the prescription of five years:

The defendant's title is a receipt from *William G. Beard*, dated 9th August, 1843, for one hundred and fifty dollars, as price of a mulatto child named *Emily*, four years of age, sold and delivered to *Mrs. Leah Ann Day*.

Admitting this document to be an act translative of property, prescription was suspended during the minority of the children and heirs of *Reddin Rutland*, who were none of them of age, at the date of *Beard's* sale to defendant, and one of them, *Calvin Rutland*, was not of age until after the institution of this suit. This is supposing the heirs of *Rutland* could have maintained an action for the possession of the slave *Emily*, from the time defendant first came into possession of her. But in truth they had no such right of action under their father's will, until *Rufus K. Rutland* attained the age of majority; which was in October, 1850. Up to that time, the usufruct of their mother, *Rutland's* widow, lasted. And prescription does not begin to run until a right of action has accrued. *Gueno* v. *Soumastre*, 1 Ann. 44.

Accordingly, we find *Rutland's* children only sued *Bryan* on his bond in March, 1851. In December, 1851, judgment was rendered in that suit, as above stated, conveying the title of *Rutland's* heirs to *Bryan*, who instituted the pesent action in February, 1852.

There is a bill of exceptions to the reception of the testimony of *Reddin Rutland*, and of *Mrs. Mary Howell*, who were examined as witnesses for plaintiff. The ground of objection stated in the bill is, that those witnesses were parties plaintiff to this suit, as well as warrantors of the plaintiff, *Bryan*.

In regard to *Mrs. Howell*, the objection is obviously without any foundation. Her name does not occur, either in the petition in this case, or in the suit against *Bryan*. As to *Reddin Rutland*, he is a merely nominal party, for the purpose of giving his sanction, to the claim of plaintiff. The petition states that *Reddin Rutland* and others, "joins this petitioner for the purpose of aiding and assisting him, if possible, to recover said slave *Emily*, and to have the benefit of all the right, title, interest and claim, which they request he may have given him, as fully as if they were plaintiffs themselves." The prayer or conclusion of the petition is exclusively in the name of *Reddick Bryan*. No relief or judgment of any kind is asked in the name of *Reddin Rutland* or his co-heirs. It is plain, therefore, that he is but a nominal party, and is therefore competent to testify. *Reynolds* v. *Rowley*, 2 Ann. 890. Neither is this witness a warrantor of plaintiff's title. He merely conveys to him what title he himself had. The consideration passing from *Bryan* to *Rutland*, for such conveyance, was not the price of a sale, which would have implied a warranty in law; but the acquittance of a debt of *Bryan*, as security of *Bowers*, due to *Rutland*.

Judgment affirmed, with costs.

MERRICK, C. J. I think that wherever the nominal party to a suit is liable for costs in his individual capacity, he is incompetent as a witness, although he may demand nothing for himself, but join the plaintiff with a prayer for a

Judgment in his, the plaintiff's favor. The Civil Code says, the witness must not be interested, neither directly or indirectly in the cause. C. C. 2260. This, it is evident, is a different case from that where the plaintiff or defendant sues or is sued in a representative capacity. Thus, in the case of an administrator, it is the succession, and not the individual, which is the party to the suit, and there is no reason why the individual who fills the office of administrator, should not be a witness, if he is not otherwise interested in the event of the suit.

<div style="float:right">BRYAN<br>v.<br>DAY.</div>

In other respects, I concur with the reasoning of Mr. Justice Buchanan, the the organ of the court.